# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| PLYMOUTH COUNTY, IOWA, by and through DARIN J. RAYMOND, PLYMOUTH COUNTY ATTORNEY,<br><br>Plaintiff,<br>vs.<br><br>MERSCORP, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; BANK OF AMERICA, N.A.; BAC HOME LOANS SERVICING; CITIMORTGAGE, INC.; CORINTHIAN MORTGAGE CO.; GMAC RESIDENTIAL FUNDING CORP.; HSBC BANK, U.S.A., N.A.; JPMORGAN CHASE BANK, N.A.; CHASE HOME FINANCE, L.L.C.; EMC MORTGAGE CORP.; SUNTRUST MORTGAGE, INC.; WELLS FARGO BANK, N.A.; WELLS FARGO HOME MORTGAGE, INC.; WMC MORTGAGE CORP.; and JOHN DOE DEFENDANTS 1-100,<br><br>Defendants. | No. C 12-4022-MWB<br><br>**ORDER STAYING CASE AS TO DEFENDANT GMAC RESIDENTIAL FUNDING CORP. AND REQUIRING STATUS REPORTS ON THE NEED FOR A BROADER STAY** |

_____

This matter comes before me pursuant to the May 21, 2012, Notice Of Bankruptcy And Effect Of Automatic Stay (Notice) (docket no. 44) filed by defendant GMAC Residential Funding Corporation, which asserts that it is properly identified as GMAC Mortgage, L.L.C. (GMAC). In its Notice, GMAC represents that, on May 14, 2012, GMAC Mortgage, L.L.C., and "certain of its affiliates" filed voluntary petitions in bankruptcy under Chapter 11 of the Title 11 of the Bankruptcy Code in the United

States Bankruptcy Court for the Southern District of New York. GMAC represents that its bankruptcy case is jointly administered under the Chapter 11 Case for debtor Residential Capital, L.L.C., *et al.*, indexed as Case No. 12-12020. Consequently, GMAC asserts that this case is automatically stayed as to it pursuant to 11 U.S.C. § 362(a). I am aware of no grounds to ignore the effect of the automatic stay as to defendant GMAC.

I am aware that the Eighth Circuit Court of Appeals has recognized that "'[i]t is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants.'" *American Prairie Constr. Co. v. Hoich*, 560 F.3d 780, 789 (8th Cir. 2009) (quoting *Teachers Ins. and Annuity Ass'n of Am. v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986) (also listing cases)). The Eighth Circuit Court of Appeals has observed, further, "In *Croyden Assocs. v. Alleco, Inc.*, 969 F.2d 675, 677 (8th Cir. 1992) (quoting *Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1205 (3d Cir. 1992)), our court was 'persuaded that the stay required by section 362 should extend only to claims against [the debtor], and that the stay is not available to nonbankrupt codefendants, "even if they are in a similar legal or factual nexus with the debtor."'" *American Prairie Constr. Co.*, 560 F.3d at 789.

In *Croyden Associates*, however, the Eighth Circuit Court of Appeals did acknowledge that "[t]he only exception to this rule that any of the circuits recognize seems to relate only to nonbankrupt codefendants in 'unusual circumstances.'" *Croyden Assocs.*, 969 F.2d at 677 (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir.), *cert. denied*, 479 U.S. 876 (1986)); *see also Sav-A-Trip, Inc. v. Belfort*, 164 F.3d 1137, 1139 (8th Cir. 1999) (noting that *Croyden Associates* recognized that the automatic stay may only be extended to co-defendants in "unusual circumstances").[1]

---

[1] As the Bankruptcy Court for the Central District of Illinois explained,

> Early in the life of the Bankruptcy Code, several courts opined that the automatic stay triggered by the

2

Some other courts have explained more specifically what "unusual circumstances" might require broadening the stay to include a debtor's co-defendants:

> In *McCartney [v. Integra Nat'l Bank, N.*, 106 F.3d 506, 509-10 (3d Cir. 1997)], the Third Circuit observed, without explicitly adopting, two situations where other courts had found "unusual circumstances" and "applied the automatic stay protection to non-debtor third parties." *Id*. First, courts have extended the stay where "there is such identity between the debtor and the third-party that the debtor may be said to be the real party in interest and that a judgment against the defendant will in effect be a judgment or finding against the debtor." *Id*. (citing *Robins*, 788 F.2d at 999). Second, courts have extended the stay where "stay protection is essential to the debtor's efforts of reorganization." *Id*. (citing *Robins*, 788 F.2d at 999); *see also Hess Corp. v. Performance Texaco, Inc.*, No. 08-1426, 2008 WL 4960203, at *2 (citing *In Re Mid-Atlantic Handling Sys. LLC*, 304 B.R. 111, 128-29 (Bankr. D.N.J. 2003)) (finding that cases extend the stay under this theory where "principals or officers who have guaranteed the

---

> bankruptcy filing of one of multiple defendants to a lawsuit enjoined the entire suit, at least where the claims were interrelated. *Federal Life Ins. Co. v. First Financial Group of Texas, Inc.*, 3 B.R. 375 (S.D. Tex. 1980); *In re White Motor Credit Corp.*, 11 B.R. 294 (Bankr. N.D. Ohio 1981), *rev'd on other grounds*, 23 B.R. 276 (N.D. Ohio 1982). That interpretation never gained much traction, however, and the overwhelming majority of courts have held that the lawsuit is only stayed as to the bankrupt party, not as to the non-bankrupt codefendants. *Pitts v. Unarco Industries, Inc.*, 698 F.2d 313, (7th Cir. 1983); *Royal Truck & Trailer, Inc. v. Armadora Maritima Salvadorena, S.A.*, 10 B.R. 488 (N.D. Ill. 1981); *Sav–A–Trip, Inc. v. Belfort*, 164 F.3d 1137 (8th Cir. 1999); *In re Miller*, 262 B.R. 499 (9th Cir. BAP 2001); *Lukas, Nace, Gutierrez & Sachs, Chartered v. Havens*, 245 B.R. 180 (D.D.C. 2000).

*In re Richard B. Vance and Co.*, 289 B.R. 692, 696-97 (Bankr. C.D. Ill. 2003).

corporate debt are parties necessary to the effective reorganization of the debtor corporation").

*Stanford v. Foamex, L.P.*, 2009 WL 1033607, *1 (E.D. Penn. April 15, 2009) (slip op.). Another court has suggested that "unusual circumstances" obtain when the actions against all defendants, including the debtor defendant against whom actions are automatically stayed, are "intertwined," and that, "even in the absence of the bankruptcy petition," courts have "the inherent power to control the docket," and may stay an entire action in the interests of "judicial economy." *International Consumer Prods. of N.J., Inc. v. Complete Convenience, L.L.C.*, 2008 WL 2185340, *1 (D.N.J. May 23, 2008) (slip op.).

Thus, in an abundance of caution, I will direct that the plaintiff, the bankrupt defendant, and the non-bankrupt defendants in this action file status reports and/or motions concerning the need, or lack thereof, to extend the stay to this entire action.

THEREFORE,

1. This action is **stayed as to defendant GMAC Residential Funding Corporation,** which asserts that it is properly identified as GMAC Mortgage, L.L.C. (GMAC), pursuant to the automatic stay in bankruptcy, 11 U.S.C. § 362(a);

2. **Not later than May 29, 2012,** the plaintiff, the bankrupt defendant, and the non-bankrupt defendants in this action **shall file status reports and/or motions** concerning the need, or lack thereof, to extend the stay to this entire action.

**IT IS SO ORDERED**.

**DATED** this 21st day of May, 2012.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA