**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

PLYMOUTH COUNTY, IOWA, by and
through DARIN J. RAYMOND,
Plymouth County Attorney,

Plaintiff,

vs.

MERSCORP, INC.; MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC.; BANK OF AMERICA,
N.A.; BAC HOME LOANS
SERVICING; CITIMORTGAGE, INC.;
CORINTHIAN MORTGAGE CO.;
GMAC RESIDENTIAL FUNDING
CORP.; HSBC BANK, U.S.A., N.A.;
JPMORGAN CHASE BANK, N.A.;
CHASE HOME FINANCE, L.L.C.;
EMC MORTGAGE CORP.; SUNTRUST
MORTGAGE, INC.; WELLS FARGO
BANK, N.A.; WELLS FARGO HOME
MORTGAGE, INC.; WMC MORTGAGE
CORP.; and JOHN DOE DEFENDANTS
1-100,

Defendants.

No. C 12-4022-MWB

**MEMORANDUM OPINION AND
ORDER REGARDING PLAINTIFF'S
MOTION TO ALTER OR AMEND
THE JUDGMENT AND FOR LEAVE
TO FILE AN AMENDED
COMPLAINT**

———————————————

**TABLE OF CONTENTS**

I.    *INTRODUCTION*..............................................................................3
      A.    *Background*.............................................................................3
      B.    *The Plaintiff's Post-Dismissal Motion*........................................7

II.   *LEGAL ANALYSIS* .........................................................................8
      A.    *Sequential Consideration Of Requested Relief*................................8
      B.    *The County's Motion To Alter Or Amend The Judgment* ................ 10

   1. *Arguments of the parties*................................................ **10**
   2. *Analysis* .................................................................. **11**
     *a.* *The need for reconsideration* .................................. **11**
       *i.* *Rule 59(e) standards* ................................. **11**
       *ii.* *Application of the standards*.......................... **13**
     *b.* *Reconsideration* .................................................. **13**
       *i.* *Standards for conditional requests to amend*....... **13**
       *ii.* *Application of the standards*.......................... **16**
 **C.** ***The Post-Dismissal Request For Leave To Amend*** ........................ **19**
   *1.* *Arguments of the parties*............................................. **19**
     *a.* *The County's arguments*...................................... **19**
     *b.* *The defendants' response*..................................... **22**
     *c.* *The County's Reply*............................................ **23**
   *2.* *Analysis* .................................................................. **24**
     *a.* *Standards for post-dismissal amendment*.................... **24**
     *b.* *Application of the standards* .................................. **28**
       *i.* *Deficiencies of the post-dismissal motion to
         amend*.................................................. **28**
       *ii.* *Futility of the repleaded "unjust enrichment"
         claim* .................................................. **30**
       *iii.* *Futility of the other repleaded claims*............... **34**
     *c.* *Summary*......................................................... **34**
**III.** **CONCLUSION** ............................................................... **34**

Following dismissal of this putative class action for failure to state a claim upon which relief can be granted, the plaintiff county has filed a motion to alter and amend the judgment and for leave to file an amended complaint. The county complains that I did not address its conditional request for leave to amend, if I granted the defendant mortgage companies' motion to dismiss, and asks that I now consider its post-dismissal

motion for leave to file a proposed amended complaint, which it asserts cures the deficiencies in the dismissed complaint. The mortgage companies respond that the county has failed to identify any manifest error of law or fact in the decision dismissing the original complaint or to identify any "new" evidence, after judgment, that would justify setting aside the prior ruling and judgment. The mortgage companies also argue that I should deny the county's post-dismissal motion to amend, because I have already rejected the county's argument that its recharacterization of its claims would save those claims from dismissal, and the county should have advanced its purportedly "new" theory supporting its claims long ago.

## I.    INTRODUCTION

### A.    Background

In its original Class Action Petition (docket no. 3),[1] plaintiff Plymouth County, Iowa, (the County) sought to pursue claims on its own behalf and on behalf of all other similarly situated counties in the State of Iowa against Mortgage Electronic Registration Systems, Inc. (MERS) and its parent company, MERSCORP, Inc. (MERSCORP), the owner and operator of a national registry that tracks ownership interests and servicing rights associated with residential mortgage loans, and against various mortgage companies and John Doe defendants (the Member Defendants), which are alleged to be members of MERS, shareholders of MERSCORP, or both.[2] The County's claims all

---

[1] This action was originally filed in the Iowa District Court for Plymouth County as Case No. 03751 CVCV 034041, but was removed by the defendants on the basis of diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. *See* Notice of Removal (docket no. 1).

[2] Specifically, the County identifies defendants Bank of America, BAC, CitiMortgage, Corinthian, GMAC, HSBC, JPMorgan, Chase Home Finance, EMC, SunTrust, Everhome, Wells Fargo, Wells Fargo Home Finance, WMC, and John Doe

allegedly arose from the defendants' "intentional failure to record all mortgage assignments and instruments that affect real estate in county recording offices and pay the attendant recording fees, as required by Iowa law." Class Action Petition (docket no. 3), ¶ 1. The County asserted claims for unjust enrichment, civil conspiracy, piercing the corporate veil, declaratory judgment, and injunctive relief.

The defendants moved to dismiss this class action on various grounds, including that the Iowa recording statutes create no private cause of action in favor of the County, that there is no obligation to record mortgages or assignments of mortgages under Iowa law, that the County has suffered no compensable injury that would give it standing, and that the County's allegations failed to state claims upon which relief can be granted. In my August 21, 2012, Memorandum Opinion And Order Regarding Defendants' Motion To Dismiss (Ruling On Defendants' Motion To Dismiss) (docket no. 70), *see Plymouth Cnty., IA v. MERSCORP, Inc.*, ___ F. Supp. 2d ___, 2012 WL 3597430 (N.D. Iowa Aug. 21, 2012), I granted the defendants' Motion To Dismiss and dismissed the County's Class Action Petition, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state claims upon which relief can be granted.

More specifically, I concluded that, contrary to the County's attempt to recharacterize its claims in a manner unsupported by the language of its original Complaint, all of the County's claims were based on an alleged requirement under Iowa law that all mortgage assignments must be recorded. Ruling On Defendants' Motion To Dismiss at 12-13. I then concluded that Iowa law includes no such requirement and that, to the extent that the County's claims relied on such a requirement, they failed to state claims upon which relief can be granted. *See id.* at 14-18.

---

Defendants 1 through 100 collectively as the "Member Defendants." Class Action Petition (docket no. 3), ¶ 30.

Next, I recognized that, in its brief, the County had attempted to salvage its "unjust enrichment" claim (and, hence, its "agency and corporate veil piercing" claim) by asserting that those claims did not rely on an alleged requirement to record assignments. *Id.* at 18. I reiterated that, *as pleaded*, the "unjust enrichment" claim relied on an alleged, but non-existent, legal requirement to record assignments of mortgages as the basis for the contention that the defendants' conduct somehow resulted in enrichment that was "unjust." *Id.* at 18-19. I concluded that, because the legal proposition that there was a requirement to record mortgage assignments was wrong, there were no circumstances pleaded that made it unjust to allow the defendants to retain the alleged benefit of not paying recording fees. *Id.* at 19.

I also rejected the County's "unjust enrichment" claim as recharacterized in its brief, which was that the defendants improperly "leveraged" the first-lien protection obtained by initially recording mortgages, with MERS as the nominal mortgagee, then assigning mortgages among MERS members without recording the assignments. *Id.* I concluded that, even though the County recharacterized the "benefit" to the defendants as the protection derived from recording initial mortgages, the claim failed, because it still assumed that any assignment or transfer that changed the mortgagee of record *must be recorded* to maintain first-lien status, and that it was only by keeping MERS as the mortgagee of record that such a requirement was avoided. Thus, I concluded that the allegation of "unjust" enrichment was the same, that is, assignment of mortgages without recording them, but there was simply no requirement that an assignment of a mortgage must be recorded, whether or not the assignment changed the mortgagee of record. *Id.* at 19-20. I also concluded that, under Iowa law, even if an assignment is unrecorded, the mortgage would retain its first-lien status, unless it was released and there was a subsequent purchase for value without notice. This led me to conclude that the effect of recording is only important as to subsequent purchasers without notice;

interim assignees *with notice*, like the defendants, require no such protection, and derive no unjust benefit from failing to record interim assignments. *Id*. at 20.

Thus, I concluded,

> [E]ven as recharacterized in the County's brief, the "unjust enrichment" claim fails to state a claim upon which relief can be granted, because the legal proposition on which it is based is wrong. Specifically, an allegation that the Member Defendants recorded only the original mortgage, with MERS as the mortgagee, then assigned the mortgage among Member Defendants without recording those assignments, does not allege any conduct that somehow resulted in enrichment that was "unjust." Under these circumstances, the "unjust enrichment" claim in Count I and, hence, the "agency and corporate veil piercing" claim in Count III, must be dismissed for failure to state a claim upon which relief can be granted.

Ruling On Defendants' Motion To Dismiss at 20-21 (citation omitted).

I granted the defendants' Motion To Dismiss and dismissed the County's Class Action Petition in its entirety for failure to state claims upon which relief can be granted. *Id*. at 21. I did not, however, address the final paragraph of the County's Resistance To Defendants' Joint Motion To Dismiss Plaintiff's Class Action Petition (Resistance To Defendants' Motion To Dismiss) (docket no. 54-7), which sought leave to amend the Complaint, if necessary. That paragraph stated the following:

> If the Court determines that the Complaint is deficient in any respect, Plaintiff respectfully requests leave to amend so as to cure any such deficiency. Under Rule 15(a), leave to amend should be given freely, and denied only for reasons of futility of amendment, bad faith or resulting prejudice to the opposing party. *See* Fed. R. Civ. P. 15(a); *Carter v. U.S.*, 123 F. App'x 253, 259 (8th Cir. 2005) (citing *Becker v. Univ. of Neb.*, 191 F. 3d 904, 908 (8th Cir. 1999)). Plaintiff has yet to amend the Complaint, and the instant motion practice represents the first legal test of

> Plaintiff's claims. Further, since the date that the Complaint
> was filed, Plaintiff has discovered additional information
> that serves to corroborate Plaintiff's allegations. On
> balance, the request for leave to amend, if necessary, is
> reasonable and entirely consistent with law in this Circuit.
> *See Estle v. Country Mut. Ins. Co.*, 970 F.2d 476, 480 (8th
> Cir. 1992) (district court abused discretion in denying leave
> to amend after granting defendant's motion for judgment on
> the pleadings).

Resistance To Defendants' Motion To Dismiss at 38-39. No proposed Amended Complaint was attached to the Resistance or otherwise submitted to the court.

The same day that I filed my Ruling On Defendants' Motion To Dismiss, the Clerk of Court entered Judgment (docket no. 71) pursuant to that ruling.

### B.    The Plaintiff's Post-Dismissal Motion

On September 19, 2012, the County filed the Motion To Alter Or Amend Judgment And For Leave To File An Amended Complaint (Post-Dismissal Motion) (docket no. 74) now before me. In this Post-Dismissal Motion, the County seeks two things: (1) an order amending the Judgment, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, with respect to the County's request for leave to amend; and (2) an order, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, granting leave to file a proposed amended complaint (the Proposed Amended Complaint), which the County submitted with its Post-Dismissal Motion. On October 5, 2012, the defendants filed their Resistance To Plaintiff's "Motion To Alter Or Amend The Judgment And For Leave To File An Amended Complaint" (Resistance To Post-Dismissal Motion) (docket no. 75). The defendants argue that there was no manifest error in my Ruling On Defendants' Motion To Dismiss nor is there any basis to allow a post-dismissal amendment of the County's Complaint. On October 16, 2012, the County filed a Reply (docket no. 78) in further support of its Post-Dismissal Motion,

asserting, *inter alia*, that the defendants had misconstrued the standards applicable to its post-dismissal request for leave to amend.

Neither party requested oral arguments on the County's Post-Dismissal Motion in the manner required by applicable local rules. My crowded schedule has not permitted the timely hearing of such oral arguments, nor do I believe that oral arguments would be helpful in the disposition of the County's Post-Dismissal Motion. Therefore, I will consider that motion on the parties' written submissions.

## II. LEGAL ANALYSIS

### A. Sequential Consideration Of Requested Relief

As noted above, the County seeks two kinds of relief. First, the County seeks an order amending the Judgment, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, with respect to the County's request for leave to amend—which I construe as a request to reconsider the County's *conditional* request for leave to amend, if I found any claims deficient, which I overlooked in my Ruling On Defendants' Motion To Dismiss. Second, the County seeks consideration of its *post-dismissal* request for leave to file its Proposed Amended Complaint.

As I will explain in more detail below, these requests are subject to different standards. Indeed, motions for leave to amend are subject to *four* different standards, depending upon the timing and nature of the request. First, amendment may be made as of right, or "as a matter of course," pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure, 21 days after service of the Complaint or 21 days after service of a responsive pleading or a Rule 12(b), (e), or (f) motion. FED. R. CIV. P. 15(a)(1). However, such a motion for leave to amend was never filed in this case. Second, a *pre-dismissal* request for leave to amend, that is, one not meeting the timing requirements of Rule 15(a)(1), is subject to a liberal, "freely given" standard pursuant

8

to Rule 15(a)(2). *See* FED. R. CIV. P. 15(a)(2) (in cases other than amendment as a matter of course pursuant to Rule 15(a)(1), amendment is only permissible with the opposing party's consent or the court's leave, and "[t]he court should freely give leave when justice so requires"); *United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 823 (8th Cir. 2009). Again, no such motion was made in this case, because no proposed amended complaint was offered prior to dismissal. Third, a *conditional* request for leave to amend requests leave to file an amended complaint only if the court *grants* an opposing party's motion to dismiss. *See In re Iowa Ready-Mix Concrete Antitrust Litigation*, 768 F. Supp. 2d 961 (N.D. Iowa 2011) (identifying the standards applicable to a conditional request to amend, stating that such a request must include, or must be shortly followed by, indication of the substance of the proposed amendment, and explanation of how any amendment would cure the deficiencies identified in the opposing party's motion to dismiss). This is the kind of request that the County made, and I overlooked, at the end of the County's Resistance To Defendants' Motion To Dismiss. Finally, a *post-dismissal* request for leave to amend is made after a motion to dismiss or motion for summary judgment has been *granted*. Such a motion is "disfavored" and subject to "different considerations" than pre-dismissal motions, although the court must be mindful of Rule 15(a)(2) considerations. *Hypoguard*, 559 F.3d at 823-24. The County has also made such a *post-dismissal* request for leave to amend in its Post-Dismissal Motion.

Because the County's *conditional* request for leave to amend, which I overlooked in my Ruling On Defendants' Motion To Dismiss, and its *post-dismissal* request to amend, in its Post-Dismissal Motion with an accompanying Proposed Amended Complaint, are subject to different standards, I will consider (or reconsider) them sequentially.

### B. The County's Motion To Alter Or Amend The Judgment

In its Post-Dismissal Motion, the County first requests an order amending the Judgment, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, with respect to the County's request for leave to amend—which I construe as a request to reconsider the County's *conditional* request for leave to amend, if I found any claims were deficient, which I overlooked in my Ruling On Defendants' Motion To Dismss. The defendants resist this part of the County's motion.

### 1. Arguments of the parties

The County argues that, when a motion to dismiss is granted, the plaintiff should usually be given at least one chance to amend its complaint. The County points out that, here, judgment was entered dismissing its first and only pleading, when it had yet to be tested on the merits. The County argues that, in *In re Ready-Mix Concrete Antitrust Litigation*, 768 F. Supp. 2d 961, 978 (N.D. Iowa 2011), I granted the plaintiffs leave to amend after dismissing their claims, even though those plaintiffs had only requested leave to amend in a footnote to their brief opposing dismissal, and they had already amended their complaint once, but only to add parties, not to correct deficiencies asserted by the defendants. The County argues that, here, it had expressly requested leave to amend, if I granted the defendants' Motion To Dismiss, not just in a footnote in its Resistance To Defendants' Motion To Dismiss, but in a separate section of that Resistance, with supporting authority, underscoring the seriousness of its intention to amend any of its claims that I found deficient. Thus, the County argues that its request to reconsider the conditional request for leave to amend is appropriate.

The defendants argue that Rule 59(e) motions are strongly disfavored and are permitted only when a court commits a manifest error of fact or law or when new evidence is discovered after judgment. The defendants argue that the County fails to

meet these standards, because the County cites no error of law that I made in my Ruling On Defendants' Motion To Dismiss when I analyzed the provisions of Iowa law, nor any facts that I purportedly misstated or misunderstood about the allegations that the County asserted in its Complaint. The defendants do not squarely address, however, whether it was error, manifest or otherwise, for me to fail to consider the County's conditional request for leave to amend.

The County's Reply focuses almost exclusively on the viability of its *post-dismissal* Proposed Amended Complaint, but does assert that the defendants have not addressed my failure to consider the County's *conditional* request for leave to amend.

### 2. *Analysis*

#### a. *The need for reconsideration*

##### i. *Rule 59(e) standards*

Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e). There is no dispute here that the County's Post-Dismissal Motion is timely under this rule. The rule does not state any standards for granting or denying such a motion, however.

The Eighth Circuit Court of Appeals has repeatedly explained the applicable standards, as follows:

> "A district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e). . . ." *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact. . . ." *Id.* (citation and internal quotation marks omitted).

*United States ex rel. Raynor v. National Rural Utilities Co-op. Fin. Corp.*, 690 F.3d 951, 958 (8th Cir. 2012); *Wells Fargo Bank, N.A. v. WMR e-PIN, L.L.C.*, 653 F.3d 702, 714 (8th Cir. 2011) (motions pursuant to Rule 59(e) and Rule 60(b) "'serve the

limited function of correcting manifest errors of law or fact or to present newly discovered evidence'" (quoting *Lowry v. Watson Chapel Sch. Dist.*, 540 F.3d 752, 761 (8th Cir. 2008)); *Sipp v. Astrue*, 641 F.3d 975, 980-81 (8th Cir. 2011) ("As the district court explained, Rule 59(e)'s limited purpose is to allow the trial court to correct manifest errors of law or fact. *Johnson v. Chater*, 108 F.3d 942, 945 n.3 (8th Cir. 1997). The district court's denial of such a motion is reviewed for a clear abuse of discretion. *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 413–14 (8th Cir. 1988)."). Somewhat more specifically, an abuse of discretion, within the scope of Rule 59(e), occurs "'where the district court fails to consider an important factor, gives significant weight to an irrelevant or improper factor, or commits a clear error of judgment in weighing those factors.'" *Matthew v. Unum Life Ins. Co. of Am.*, 639 F.3d 857, 863 (8th Cir. 2011) (quoting *Kurka v. Iowa Cnty., IA*, 628 F.3d 953, 957 (8th Cir. 2010)).

Various district courts have recognized that a Rule 59(e) motion to "reconsider" may also be granted where the court overlooked a factual or legal *argument* presented by a party, but not where a party failed to present a relevant factual or legal argument to the court in the first instance. *See, e.g., Tiffany (NJ), L.L.C. v. Forbse*, 2012 WL 3686289, *5 & n.6 (S.D.N.Y. Aug. 23, 2012) (slip op.) (noting that Rule 59(e) was inapplicable, because the motion was decided under Local Rule 6.3, but that the standards for "reconsideration" were the same under the two rules, citing *In re Fossamax Prods. Liab. Litig.*, 815 F. Supp. 2d 649, 651 (S.D.N.Y. 2011)); *United States v. Jasin*, 292 F. Supp. 2d 670, 676 (E.D. Pa. 2003). I find that recognizing such an error as cognizable on a Rule 59(e) motion is consistent with the sorts of abuse of discretion and error that the Eighth Circuit Court of Appeals has found sufficient to warrant relief pursuant to Rule 59(e). Specifically, doing so allows a district court the first opportunity to remedy a "manifest" oversight, *cf. Sipp*, 641 F.3d at 980-81, and

failure to consider an argument of a party is at least as fundamental an error as failure to consider an important factor in the determination of an issue. *Cf. Matthew*, 639 F.3d at 863.

### ii. *Application of the standards*

Such a failure to address an argument is the sort of error alleged here, specifically, my overlooking the County's conditional request for leave to amend. I acknowledge that, in my written Ruling On Defendants' Motion To Dismiss, I overlooked the County's conditional request, in the County's Resistance To Defendants' Motion To Dismiss at 38-39, for leave to amend if I found any of the County's claims deficient. Thus, to the extent that I overlooked the County's conditional request for leave to amend, the County is now entitled to reconsideration of that request. *See, e.g., Tiffany (NJ), L.L.C. v. Forbse*, 2012 WL 3686289 at *5 & n.6.

### b. *Reconsideration*

The question upon such reconsideration is, would I have granted the conditional request for leave to amend, if I had expressly considered it at the time that I granted the defendants' Motion To Dismiss, such that the County is now entitled to relief from the Judgment? The answer to that question turns on the standards applicable to a conditional request for leave to amend.

### i. *Standards for conditional requests to amend*

In *In re Iowa Ready-Mix Concrete Antitrust Litigation*, 768 F. Supp. 2d 961 (N.D. Iowa 2011), on which the County in part relies, I identified the standards applicable to a conditional request to amend, expressly distinguishing those standards from the standards applicable to a post-dismissal request for leave to amend, as follows:

> The Eighth Circuit Court of Appeals recently addressed the adequacy of a "footnote" conditional request for leave to amend, as follows:

> [The plaintiff] never submitted a proposed amended complaint to the district court, nor did he proffer the substance of such an amended complaint until he filed his appellate brief. Instead, Lester merely included a footnote at the end of his response to Novastar's motion to dismiss stating that "[t]o the extent that the court finds the Complaint's allegations insufficient, plaintiffs respectfully request an opportunity to amend their claims." These circumstances mirror those present in *Clayton [v. White Hall Sch. Dist.*, 778 F.2d 457 (8th Cir. 1985)], where we held that a district court properly denied a plaintiff leave to amend because she "did not submit a motion for leave to amend but merely concluded her response to [the defendant's] motion to dismiss with a request for leave to amend" and "did not offer a proposed amended complaint or even the substance of the proposed amendment to the district court." [778 F.2d at 460] [.]

*See In re 2007 Novastar Fin. Inc., Sec. Litig.*, 579 F.3d 878, 884–85 (8th Cir. 2009). In these circumstances, the Eighth Circuit Court of Appeals concluded that the district court's denial of leave to amend the complaint was proper. *Id*. (noting that, after denial of his "footnote" conditional request to amend, the plaintiff never filed a motion under Rules 15(a)(2), 59(e), or 60(b), seeking leave to file an amended complaint). Although indications of a plaintiff's willingness to amend, if existing pleadings are found to be deficient, does suggest that post-dismissal leave to amend should be granted, a conditional request for leave to amend must include, or must be shortly followed, by indication of the substance of the proposed amendment. *See Drobnak v. Andersen Corp.*, 561 F.3d 778, 787–88 (8th Cir. 2009). On the other hand, in deciding whether or not to grant any post-dismissal request for leave to amend, the court "may not ignore the Rule 15(a)(2) considerations that favor affording parties an opportunity to test their claims on the

merits. . . ." *United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 824 (8th Cir. 2009).

*In re Iowa Ready-Mix Concrete Antitrust Litig.*, 768 F. Supp. 2d at 977-78.

In *In re Iowa Ready-Mix*, I then considered the plaintiffs' conditional request for leave to amend, as follows:

> Here, the court is mindful that the plaintiffs offered no more than a "footnote" conditional request for leave to amend in response to the defendants' Motions To Dismiss, then filed an amended complaint while the Motions To Dismiss were pending that only added additional parties, but made no substantive changes. These circumstances do not suggest that the plaintiffs' indication of willingness to amend was more than *pro forma*, as the plaintiffs continued to stand on the sufficiency of their Amended Consolidated Complaint, even in the face of the defendants' challenges. *See In re 2007 Novastar Fin. Inc., Sec. Litig.*, 579 F.3d at 884–85; *Drobnak*, 561 F.3d at 787–88. Moreover, the court does not yet have an indication of the substance of any potential amendments that the plaintiffs would offer. *Id.*; *Drobnak*, 561 F.3d at 787–88. *It is only because the court believes that the interests of justice may be best served by allowing further amendment, so that the plaintiffs' claims can be addressed on the merits, see* FED. R. CIV. P. 15(a)(2); *Roop*, 559 F.3d at 824 (stating that the court may not ignore Rule 15(a)(2) considerations), *that the court is inclined to grant leave for further amendment of the plaintiffs' Amended Consolidated Complaint.*
>
> *The court concludes that the best course is to grant the plaintiffs a reasonable time within which to offer a proposed amended complaint, then determine whether the proposed amendment is sufficient to allow this case to proceed.* A court does not abuse its discretion in denying a post-dismissal motion to amend where amendment would be futile. *In re Medtronic*, 623 F.3d at 1208. Any proffered "cure" of the deficiencies in the proposed amendment must be relevant and material to the claims in the case and

remedy the deficiencies found by the court in the prior pleadings. *Detroit Gen. Retirement Sys. v. Medtronic, Inc.*, 621 F.3d 800, 809–10 (8th Cir. 2010). *Thus, any proposed amendment must address the insufficiency of the factual allegations identified above.*

*In re Iowa Ready-Mix Concrete Antitrust Litig.*, 768 F. Supp. 2d at 978 (emphasis added).

### ii.    Application of the standards

The County appears to argue that it is even more appropriate to grant its conditional request for leave to amend than it was to grant the "footnote" conditional request of the plaintiffs in *In re Iowa Ready-Mix*, because the County made a more substantial request, in the body of its Resistance To Defendants' Motion To Dismiss, not merely in a footnote, to make its first amendment, not a second amendment after failing to address, in a previous amendment, the opposing party's assertions of deficiencies in the claims asserted, and that it did so with supporting authority, thus underscoring the seriousness of its intention to amend any of its claims that I found deficient. However, in doing so, the County ignores the reasons that I allowed the plaintiffs in *In re Iowa Ready-Mix* to *offer* a further amended complaint.

First, although I referred to the plaintiffs' conditional requests in *In re Iowa Ready-Mix* and in *In re 2007 Novastar Financial Securities Litigation* as "footnote" requests, whether the conditional requests to amend were made in a footnote or in the body of the plaintiffs' resistances to the motions to dismiss was of no real import. In *In re 2007 Novastar Financial Securities Litigation*, the Eighth Circuit Court of Appeals likened the "footnote" request in the case before it to the request at the conclusion of the plaintiff's response to the defendant's motion to dismiss in *Clayton*. What was significant in *Clayton* and *In re 2007 Novastar Financial Securities Litigation*, however, was the lack of a motion for leave to amend, the lack of the proffer of a proposed

amended complaint, and the lack of even a statement of the substance of the proposed amendment. *In re 2007 Novastar Fin. Sec. Litig.*, 579 F.3d at 884-85 (citing *Clayton*, 778 F.2d at 460). Similarly, I noted in *In re Iowa Ready-Mix* that what was significant in *Drobnak* was the lack of any "indication of the substance of the proposed amendment," even where the plaintiff indicated a willingness to amend. *In re Iowa Ready-Mix Antitrust Litig.*, 768 F. Supp. 2d at 977-78 (citing *Drobnak*, 561 F.3d at 787-88).

Ultimately, what I considered sufficient in *In re Iowa Ready-Mix* to overcome indications of a merely *pro forma* request for leave to amend, the plaintiffs' simply standing on their pleadings in the face of the defendants' challenges, and the lack of any indication of the substance of any potential amendments was "the interests of justice" in allowing a further amendment, so that the plaintiffs' claims could be addressed on the merits. *Id*. at 978. That was so, because the conclusion that the plaintiffs' complaint failed to state claims upon which relief could be granted turned on "the insufficiency of the factual allegations identified" previously in that opinion. *Id*. Furthermore, I did not simply grant leave to amend, but granted the plaintiffs "a reasonable time within which to offer a proposed amended complaint," explaining that I would then "determine whether the proposed amendment [wa]s sufficient to allow th[at] case to proceed," and noting that I would not abuse my discretion in denying what would then be a post-dismissal motion to amend where the amendment would be futile. *Id*. I also noted that the proffered amendment would have to be relevant and material to the claims in the case and remedy the deficiencies that I had previously found, which, again, involved insufficiency of the *factual* allegations. *Id*.

In contrast, here, I find that the "interests of justice" did *not* warrant leave to *proffer* a proposed amendment, at least in the circumstances presented at the time that I determined that the County's original claims were deficient. The County's conditional

request for leave to amend, while doubtless earnest, was still *pro forma*, because it came at the tail end of the County's Resistance To Defendants' Motion To Dismiss, in which the County otherwise stood on the purported sufficiency of the existing Complaint, it was made without the proffer of a proposed amended complaint, and it was made without even a statement of the substance of the proposed amendment. *In re 2007 Novastar Fin. Sec. Litig.*, 579 F.3d at 884-85 (citing *Clayton*, 778 F.2d at 460); *Drobnak*, 561 F.3d at 787-88.

Even more importantly, the insufficiency of the County's claims was the *legal premise* of the allegations—the incorrect assertion that recording of mortgage assignments was *required* by Iowa law, Ruling On Defendants' Motion To Dismiss at 14-18, *see Plymouth Cnty., IA*, ___ F. Supp. 2d at ___, 2012 WL 3597430 at *7-*9— not the insufficiency of the *factual* allegations, as was the case in *In re Iowa Ready-Mix Antitrust Litigation*. 768 F. Supp. 2d at 978. Under these circumstances, it appeared not only beyond doubt that the County could *prove* no set of facts in support of its claim that would entitle it to relief, *see Ritchie Capital Mgmt., L.L.C. v. Jeffries*, 653 F.3d 755, 764 (8th Cir. 2011) (Rule 12(b)(6) motion to dismiss standard), but that the County could *allege* no set of facts in support of a claim based on an asserted legal requirement to record mortgage assignments that would make that claim anything other than futile. *In re Iowa Ready-Mix Concrete Antitrust Litig.*, 768 F. Supp. 2d at 978 (a post-dismissal motion for leave to amend may be denied if the proposed amendment would be futile); *see also In re Medtronic, Inc., Sprint Fidelis Leads Prods. Liab. Litig.*, 623 F.3d at 1208 (a post-dismissal proffered amendment was properly denied as futile, where it was based on the same faulty legal premise as the dismissed pleading); *Hintz v. JPMorgan Chase Bank, N.A.*, 686 F.3d 505, 511 (8th Cir. 2012) ("'[W]hen the court denies leave on the basis of futility, it means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss

under Rule 12(b)(6) of the Federal Rules of Civil Procedure. . . .'" (quoting *Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 781–82 (8th Cir. 2008)).

Therefore, while I erred in overlooking the County's conditional request for leave to amend in its Resistance To Defendants' Motion To Dismiss, there was no error, manifest or otherwise, in failing to grant the County's conditional request for leave to amend—or in failing to grant the County leave to *proffer* a proposed amendment—after I determined that the County's existing Complaint failed to state claims upon which relief could be granted, because the County had not identified any viable *legal* theory on which its claims could proceed, even if amended.

### C.       The Post-Dismissal Request For Leave To Amend

What appears to be the main thrust of the County's Post-Dismissal Motion is not its argument that I manifestly erred in failing to consider its *conditional* request to amend, if I granted the defendants' Motion To Dismiss, but its argument that I should now grant its *post-dismissal* request for leave to file a proffered Amended Complaint. The defendants assert that the post-dismissal request to amend should be denied.

#### 1.       Arguments of the parties

##### a.       The County's arguments

The County argues that it should be given at least one chance to replead its claims, so that they may be considered on the merits, citing Rule 15(a)(2). The County recognizes that, in granting the defendants' Motion To Dismiss as to the "unjust enrichment" claim (and, indeed, all of the other claims), I relied almost exclusively on what the County calls my "finding" that there is no requirement for recording mortgage assignments and paying attendant recording fees under Iowa law. The County asserts that its Proposed Amended Complaint remedies this deficiency, and, therefore, is not

futile, because the Proposed Amended Complaint makes clear that none of the County's claims hinge on the existence of a recording *requirement* under Iowa law.

Somewhat more specifically, the County has summarized its argument, as follows:

> The [Proposed] Amended Complaint pleads a claim for unjust enrichment based on Defendants' intentional use of the MERS® System to avoid recording mortgage assignments and paying applicable recording fees while using the initial recordation as the basis for representing throughout the mortgage securitization process that they had good title to and were transferring mortgages that were "free and clear of any pledge, lien, encumbrance or security interest." [Proposed Amended Complaint] ¶¶ 82-101, 142-151. In other words, the [Proposed] Amended Complaint makes clear that Defendants were unjustly enriched because they were able to rely on the protections conferred by recording without paying for such protections and because recording allowed them to make representations that were necessary to their lucrative mortgage securitization efforts. The [Proposed] Amended Complaint does not make any allegations regarding "required" or "mandatory" recording statutes or recording fees under Iowa law.

Plaintiff's Brief In Support Of Post-Dismissal Motion at 12-13. The County now argues that IOWA CODE § 558.41 (establishing the priority of a recorded mortgage or assignment) is the "crux" of its claims, rather than IOWA CODE § 558.11 (the recording statute).

The County also argues that the Proposed Amended Complaint provides additional factual detail about the mortgage securitization process that demonstrates how the defendants were unjustly enriched, to the detriment of Iowa counties, by using the MERS System to avoid recording of assignments after the initial recording with MERS as the nominal mortgagee, including newly-discovered information in the form of a Prospectus Supplement and Pooling and Servicing Agreement (PSA) filed with the

United States Securities and Exchange Commission (SEC) in connection with the issuance of securities by the SunTrust Alternative Loan Trust, Series 2005-1F. The County argues that the Prospectus Supplement contains an explicit warning—and, thus, an admission—that MERS Members recognized that the only way to fully inoculate a security interest against a subsequent purchaser for value without notice was through recordation, confirming that the defendants relied on the initial recording as the basis for representations that the mortgages they held had first-lien status. The County argues that this new allegation also addresses my observation that the effect of recording is only important as to subsequent purchasers without notice, because the repleaded claim does not depend on the knowledge of the assignments by MERS Members among themselves. Rather, the County asserts that its new claim is that the entire MERS system was created and used so that MERS Members could arrogate for themselves the benefits of recording without paying for such benefits and without regard for the integrity of public land records.

For similar reasons, the County contends that the other repleaded claims are now viable. The County argues that its repleaded "civil conspiracy" claim no longer relies on an alleged violation of a requirement to record assignments, but on the defendants' intentional creation and concerted use of a shadow recording system to avoid recording and paying recording fees to county recorders, while benefitting from the protection provided by recording the initial security instrument. The County also argues that it has now properly repleaded "piercing the corporate veil" as a *remedy*, rather than a *claim*, for the wrongful conduct elsewhere alleged, which no longer depends on any violation of the recording law. The County explains that it has added new allegations that MERS is a mere instrumentality of MERSCORP, which is a mere instrumentality of the shareholder defendants, with facts supporting that allegation. Finally, the County argues that the Proposed Amended Complaint refines the prayers for

declaratory and injunctive relief. First, the County argues that it does so by seeking an order requiring the defendants, jointly and severally, to correct all recordings filed in the counties of Iowa in which MERS is identified as the mortgagee of record by recording a corrective instrument that sets forth the entire chain of title for each security instrument, in order to remedy the damage to county land records. Second, the County argues that it does so by seeking a declaration that the defendants' filing of initial mortgages in the name of MERS and not recording subsequent transfers of mortgages and notes caused harm to the land records of the counties. The County argues that these prayers are not based on statutory violations, but on a concerted scheme to use MERS to avoid recording assignments, which has rendered the land records of the counties unreliable and opaque.

### b. The defendants' response

The defendants contend that the Proposed Amended Complaint should be rejected. They argue that the Proposed Amended Complaint is an improper post-dismissal attempt to change the legal theory of the claims. They also argue that the Proposed Amended Complaint fails to meet the requirements of Rule 15(a)(2), because it is futile and because the County should have advanced its "new" theory and "new" evidence long ago.

More specifically, the defendants assert that post-dismissal requests to amend are "disfavored" and may properly be rejected when they change the legal theory of claims after the pleader has lost on the first formulation. The defendants argue that this is exactly what the County is attempting to do here, where the County has changed from a theory that the defendants were *required to record* assignments, *but had not done so*, to a theory that the defendants wrongfully *recorded* the initial mortgage with MERS as the nominal mortgagee, so that they could reap the protection of recording without recording each subsequent assignment among MERS members.

The defendants also argue that the County's claims based on its "new" theory are futile, because I have already rejected that theory in my Ruling On Defendants' Motion To Dismiss, when the "new" theory was asserted as a "recharacterization" of the County's claims in the County's Resistance To Defendants' Motion To Dismiss. The defendants argue that, not only did I reject this theory as failing to identify any "unjustness," but another district court has since rejected it on the ground that the alleged benefit of recording was not conferred by the counties, who merely performed a ministerial task, but by a state statute that granted priority to a recorded lien. The defendants point out that the County has not alleged that the defendants did not pay recording fees due when they did record mortgages or assignments, and public records show that such fees were paid. The defendants argue that, because the County was not a party to any contracts that the defendants had among themselves or with others representing that the defendants had first-lien mortgages free of any encumbrances, the County lacks standing to enforce the terms of those contracts, and, moreover, there is no misrepresentation that the assignments of MERS mortgages among MERS members had been recorded, when the contracts make clear that the assignments among MERS members had *not* been recorded.

The defendants also assert that the County's assertion that it is relying on "new" evidence is incorrect, because the County could and should have asserted its "new" theory and "new" evidence long ago. In essence, the defendants argue that everything on which the County now relies was public information from at least the mid-1990s.

### c.      *The County's Reply*

In reply, the County contends that the defendants rely on red-herrings and misdirections. The County argues that the defendants have not disputed its primary contention that the Proposed Amended Complaint no longer relies on any supposed requirement of Iowa law that mortgage assignments be recorded and that the defendants

have not shown any "prejudice" that they would suffer if the filing of the Proposed Amended Complaint were allowed. The County argues that the defendants incorrectly rely on a "manifest error/newly discovered evidence" standard, when its post-dismissal request for leave to amend is still subject to the Rule 15(a)(2) "freely given" standard. The County also argues that its Proposed Amended Complaint is not futile, because it relies on facts and claims not presented to or considered by me. The County dismisses the defendants' assertion that I have already considered and rejected the amended legal theory, because I dismissed its original Complaint on the ground that all of the claims, *as pleaded*, relied on a supposed, but non-existent, requirement under Iowa law to record mortgage assignments, but the claims in the Proposed Amended Complaint do not do so. Finally, the County argues that the defendants' untimeliness argument is unavailing, where it filed its post-dismissal motion for leave to amend within the time provided by Rule 59(e).

### 2. *Analysis*

#### a. *Standards for post-dismissal amendment*

As noted above, post-dismissal motions for leave to amend are "disfavored" and subject to "different considerations" than pre-dismissal motions, although the court must be mindful of Rule 15(a)(2) considerations. *Hypoguard*, 559 F.3d at 823-24. More specifically, in *Hypoguard*, the Eighth Circuit Court of Appeals considered "an issue of law ignored by the parties—when a complaint is dismissed for failure to state a claim, and plaintiff files a *post-judgment* motion for leave to file an amended complaint, is that motion reviewed under the liberal 'freely give' standard of Rule 15(a)(2), or under the more restrictive standards applicable to post-judgment motions under Rules 59(e) and 60(b)?" 559 F.3d at 823 (emphasis added). Thus, the question at issue in *Hypoguard* involved specifically the standards applicable to *post-dismissal* requests for leave to amend (albeit in comparison to the standards for *pre-dismissal* requests), but

did not involve the standards applicable to a *conditional* request for leave to amend, that is, a request to amend if an opposing party's motion to dismiss is granted.

In *Hypoguard*, the court resolved the question before it, as follows:

> All circuits acknowledge that post-judgment leave to amend may be granted if timely requested. That conclusion is compelled by the Supreme Court's summary reversal of the denial of such a motion in *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). *However, interests of finality dictate that leave to amend should be less freely available after a final order has been entered. As we have said in numerous cases, "[a]lthough leave to amend a complaint should be granted liberally when the motion is made pretrial, different considerations apply to motions filed after dismissal."* Briehl v. General Motors Corp., 172 F.3d 623, 629 (8th Cir.1999). Nevertheless, the customary Rule 59(e) standard, which bars attempts to "introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment," *Innovative Home Health Care, Inc. v. P.T.-O.T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998), and Rule 60(b)(1), which limits relief to showings of "mistake, inadvertence, surprise, or excusable neglect," seem ill-suited to the task of determining when a plaintiff who has failed to plead fraud with the particularity Rule 9(b) requires should be permitted, post-judgment, to try again.
>
> We have found two circuits that have addressed this question in reviewing the denial of post-judgment motions for leave to amend an FCA complaint dismissed for failure to comply with Rule 9(b). Both held that Rule 59(e) and Rule 60(b) apply at this stage of the proceedings. But the Fifth Circuit held that, in this situation, "the considerations for a motion under Rule 59(e) are the same as those governing a motion under Rule 15(a)." *United States ex rel. Hebert v. Dizney*, 2008 WL 4538308, at *4 (5th Cir. Oct. 10, 2008) (unpublished), applying *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 865 (5th Cir. 2003). On the other hand, the Sixth Circuit applied its normal, restrictive Rule

59 and Rule 60 principles, though the issue was of little importance because the court reversed the denial of leave to amend based on an intervening change in controlling law, a circumstance that customarily warrants post-judgment relief. *SNAPP, Inc.*, 532 F.3d at 507.

In *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 550-51 (8th Cir. 1997), we applied the "different considerations" standard and affirmed the denial of a motion for leave to amend a complaint dismissed under Rule 9(b) because plaintiffs "failed to provide any valid reason for failing to amend their complaint prior to the grant of summary judgment against them." We again recently applied the "different considerations" standard in *Bills v. United States Steel LLC*, 267 F.3d 785, 788 (8th Cir. 2001). *From this survey of prior case law, we conclude that district courts in this circuit have considerable discretion to deny a post-judgment motion for leave to amend because such motions are disfavored, but may not ignore the Rule 15(a)(2) considerations that favor affording parties an opportunity to test their claims on the merits*, particularly when a fraud complaint has been dismissed for failure to comply with the pleading requirements of Rule 9(b).

*Hypoguard*, 559 F.3d at 823-24 (emphasis added).

In short, then, in *Hypoguard*, the court distinguished between standards for a *pre-dismissal* request for leave to amend (the "freely given" standard) and a *post-dismissal* request for leave to amend ("disfavored") and further distinguished between Rule 59(e) (or Rule 60(b)) standards for relief from a judgment (barring attempts to "introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment") and the standards applicable to a *post-dismissal* motion for leave to amend. As to a *post-dismissal* motion for leave to amend, the court established that the standard is "that district courts in this circuit have considerable discretion to deny a post-judgment motion for leave to amend because such motions are disfavored, but may not ignore the Rule 15(a)(2) considerations that

favor affording parties an opportunity to test their claims on the merits." *Id.* at 824. However, the court also recognized that a post-dismissal motion to dismiss is subject to "different considerations" than a pre-dismissal one, and that those "different considerations" include the interest in "finality" after dismissal. *See id.* at 823. The court in *Hypoguard* did not simply apply either Rule 15(a)(2) or Rule 59(e) standards to a *post-dismissal* motion to amend.

Since *Hypoguard*, the Eighth Circuit Court of Appeals has maintained these distinctions. *See Morrison Enters., L.L.C. v. Dravo Corp.*, 638 F.3d 594, 610 (8th Cir. 2011) (reiterating that "'[p]ost-dismissal motions to amend are disfavored'" (quoting *In re Medtronic, Inc., Sprint Fidelis Leads Prods. Liab. Litig.*, 623 F.3d 1200, 1208 (8th Cir. 2010), in turn citing *Hypoguard*, 559 F.3d at 824); *Hawks v. J.P. Morgan Chase Bank*, 591 F.3d 1043, 1050 (8th Cir. 2010) (also applying the "different considerations" standard to post-dismissal motions to amend than to pre-dismissal motions to amend).

In these and other decisions, the Eighth Circuit Court of Appeals has recognized that a district court does not abuse its discretion in denying a post-dismissal motion for leave to amend, where the plaintiff chose to stand on its original pleadings in the face of a motion to dismiss that identified the very deficiency upon which the court dismissed the complaint. *See Gomez v. Wells Fargo Bank, N.A.*, 676 F.3d 655, 665 (8th Cir. 2012) (citing with approval *Mitan v. McNiel*, 399 Fed. Appx. 144, 145 (8th Cir. 2010) (unpublished per curiam)); *Hypoguard*, 559 F.3d at 823-24 (noting that, in *Parnes*, 122 F.3d at 540-51, the court had applied the "different considerations" standard and had affirmed the denial of leave to amend, because the plaintiffs failed to provide any valid reason for failing to amend their complaint prior to dismissal). Moreover, a plaintiff should not be allowed to stand on one legal theory, then come back to fight on the basis of some other legal theory after dismissal of claims based on the first formulation.

*Morrison Enters., L.L.C.*, 638 F.3d at 610; *Hawks*, 591 F.3d at 1050 ("'A district court does not abuse its discretion in denying a plaintiff leave to amend the pleadings to change the theory of their case after the complaint has been dismissed under Rule 12(b)(6).'" (quoting *Briehl v. Gen. Motors Corp.*, 172 F.3d 623, 629 (8th Cir. 1999)); *Humphreys v. Roche Biomedical Lab., Inc.*, 990 F.2d 1078, 1082 (8th Cir. 1993) ("Leave to amend may still be granted [post-dismissal], but a district court does not abuse its discretion in refusing to allow amendment of pleadings to change the theory of a case if the amendment is offered after summary judgment has been granted against the party, and no valid reason is shown for the failure to present the new theory at an earlier time." (internal quotations and citation omitted)). Finally, a post-dismissal motion to amend should not be granted where the proffered post-dismissal amendment suffers from the same legal or other deficiencies as the dismissed pleading, *In re Medtronic, Inc., Sprint Fidelis Leads Prods. Liab. Litig.*, 623 F.3d at 1208; *Drobnak*, 561 F.3d at 788, or if the proffered amendment is otherwise futile. *United States ex rel. Raynor*, 690 F.3d at 958; *Hintz*, 686 F.3d at 511.

**b.** **Application of the standards**

**i.** **Deficiencies of the post-dismissal motion to amend**

I conclude that leave to amend post-dismissal should be denied in the circumstances presented here. First, a post-dismissal motion to amend is "disfavored," independent of any other consideration. *See Hypoguard*, 559 F.3d at 823-24; *see also Morrison Enters., L.L.C.*, 638 F.3d at 610; *In re Medtronic, Inc., Sprint Fidelis Leads Prods. Liab. Litig.*, 623 F.3d at 1208; *Hawks*, 591 F.3d at 1050. Post-dismissal amendment must be viewed even less favorably, in the particular circumstances of this case, because the County chose to stand on its original Complaint, even in the face of a motion to dismiss that identified the very deficiencies upon which I dismissed that Complaint, and the County has stated no valid reason for not proffering the new theory

28

on which its Amended Complaint is based *in an amended pleading* before dismissal. *See Gomez*, 676 F.3d at 665; *Parnes*, 122 F.3d at 540-51. As Eighth Circuit law makes clear, a plaintiff should not be allowed to do precisely what the County is trying to do here, which is to stand on one legal theory in the face of a motion to dismiss, then come back to fight on the basis of a different legal theory after dismissal of claims based on the first formulation. *See Morrison Enters., L.L.C.*, 638 F.3d at 610; *Hawks*, 591 F.3d at 1050; *Briehl*, 172 F.3d at 629; *Humphreys*, 990 F.2d at 1082. Although the County contends that its claims have never been tested on the merits, *see Hypoguard*, 559 F.3d at 824 (when considering a post-dismissal motion to amend, a district court "may not ignore the Rule 15(a)(2) considerations that favor affording parties an opportunity to test their claims on the merits"), that argument rings hallow when I found that the County's claims, as originally formulated, *had no legal merit*, and dismissed them on that basis, and the County failed to offer *a pleading* prior to dismissal asserting an alternative legal theory for its claims. Finally, looking to Rule 59(e) standards as a guide to why a post-dismissal motion to amend is "disfavored," the purportedly "new" evidence on which additional factual allegations in the Proposed Amended Complaint are based is in no sense "new." *Wells Fargo Bank, N.A.*, 653 F.3d at 714 (motions pursuant to Rule 59(e) and Rule 60(b) "'serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence'" (quoting *Lowry*, 540 F.3d at 761)).[3] The defendants have provided, as Exhibit A to their Resistance To Post-Dismissal Motion, a chart showing when the purportedly "new" information was disclosed in public sources in the 1990s. The County's belated discovery of this information does not make it "new."

---

[3] For the reasons explained *infra*, this purportedly "new" evidence also does not change the *legal* insufficiency of the repleaded claims.

## ii.    *Futility of the repleaded "unjust enrichment" claim*

More importantly, I believe that the County's reformulation of its claims, which all follow from its "unjust enrichment" claim, to base them on *recording* of original mortgage assignments, instead of upon *failure to record* subsequent mortgage assignments, is futile, for several reasons. *See United States ex rel. Raynor*, 690 F.3d at 958 (futility of the proposed amendment justifies denial of a post-dismissal motion to amend); *Hintz*, 686 F.3d at 511 (same). First, as the defendants argue, I rejected the legal adequacy of such a claim, when the County attempted to "recharacterize" its original claims in this way in its Resistance To Defendants' Motion To Dismiss, in complete contradiction of its original pleading. *See* Ruling On Defendants' Motion To Dismiss at 19-21, *Plymouth Cnty., IA*, ___ F. Supp. 2d at ___, 2012 WL 3597430 at *10.

Second, the County's arguments notwithstanding, the Proposed Amended Complaint does not cure the deficiencies that I found in the "recharacterized" version of the County's "unjust enrichment" claim in its Resistance To Defendants' Motion To Dismiss. While it may be true that the Proposed Amended Complaint does not make any express allegations regarding "required" or "mandatory" recording of mortgage assignments or payment of recording fees under Iowa law,[4] the "benefit" alleged in the "re-recharacterized" claim of "unjust enrichment" in the Proposed Amended Complaint is still the protection derived from recording the initial mortgages. This "re-recharacterization" still does not save the claim, because it still assumes that it is only by keeping MERS as the mortgagee of record that the recording of subsequent

---

[4] As the defendants point out in their Resistance To Post-Dismissal Motion, 10 n.12, the Proposed Amended Complaint continues to make references to the supposed necessity of recording assignments, by alleging that the MERS System was designed to avoid paying recording fees that its members would otherwise have had to pay. *See* Proposed Amended Complaint, ¶¶ 6-8, 129.

assignments is avoided, which means that the allegation of "unjust" enrichment is still the same: assignments of mortgages without recording. Because there is no legal requirement to record mortgage assignments, there is still no circumstance pleaded that makes it "'unjust to allow the defendant[s] to retain the benefit under the circumstances.'" *Cf.* Ruling On Defendants' Motion To Dismiss at 19-20, *Plymouth Cnty., IA*, ___ F. Supp. 2d at ___, 2012 WL 3597430 at *10 (quoting *Lakeside Feeders, Inc. v. Producers Livestock Mktg. Ass'n*, 666 F.3d 1099, 1112 (8th Cir. 2012), in turn quoting *State ex rel. Palmer v. Unisys Corp.*, 637 N.W.2d 142, 149 (Iowa 2001), stating the elements of an "unjust enrichment" claim under Iowa law).

Similarly, the Proposed Amended Complaint does not cure the deficiency that I noted in the "recharacterized" claim of "unjust enrichment" in the County's Resistance To Defendants' Motion To Dismiss that there was no "unjust" enrichment in failing to record interim assignments, because the effect of recording is only important as to subsequent purchasers without notice, but not as to interim assignees *with notice*, such as the defendants. *See* Ruling On Defendants' Motion To Dismiss at 20, *Plymouth Cnty., IA*, ___ F. Supp. 2d at ___, 2012 WL 3597430 at *10. The County tries to explain why the Proposed Amended Complaint cures this deficiency, as follows:

> Whether certain Defendants had notice of the effect of recording is irrelevant to the validity of Plaintiff's unjust enrichment claim, because the claim does not depend on the knowledge of the assignments by MERS Members *inter se*. Rather, Plaintiff's claim is that the entire MERS® System was created and used so that MERS Members, such as the Member and Shareholder Defendants, could arrogate for themselves the benefits of recording without paying for such benefits, and without regard for the integrity of public land records. ¶¶ 6, 82-101. In other words, whether or not a particular Defendant had notice or required protection has no bearing on Plaintiff's overarching theory – that Defendants have been – and continue to be – unjustly

> enriched by the very existence of the MERS® System,
> which, in turn, relied exclusively on the initial recordation
> to fulfill its stated purpose.

Plaintiff's Brief In Support Of Post-Dismissal Motion at 17.  In so arguing, the County overlooks an essential part of my reasoning, which was that, *despite unrecorded assignments*, a mortgage would retain its first-lien status, unless it was released and there was a subsequent purchase for value without notice.  *See* Ruling On Defendants' Motion To Dismiss at 20, *Plymouth Cnty., IA*, ___ F. Supp. 2d at ___, 2012 WL 3597430 at *10.  Thus, as long as MERS remained the mortgagee of record, by virtue of the initial recording, and did not release the mortgage, *there could be no subsequent purchase for value without notice*.  I did not suggest that the "recharacterized" claim depended on knowledge of MERS Members about assignments among themselves; I concluded that the lack of recording of interim assignments did not change the first-lien status of the recorded mortgage as a matter of law, so that the defendants had not been unjustly enriched by their ability to assert first-lien status notwithstanding lack of recording of interim assignments.  To put it another way, in response to the County's present argument, as a matter of law, the defendants have not been, and do not continue to be, unjustly enriched by the very existence of the MERS System, which relies on the initial recording to fulfill its stated purpose.

Third, the "unjust enrichment" claim in the Proposed Amended Complaint (and, indeed, the "recharacterized" claim in the County's Brief In Resistance To Defendants' Motion To Dismiss) is futile for the reason that it does not allege any "benefit" conveyed, either directly or indirectly, by the County or at the expense of the County.  *See Lakeside Feeders, Inc.*, 666 F.3d at 1112 ("'To recover for unjust enrichment [under Iowa law], [the plaintiff] must show [*inter alia*]:  . . . the enrichment [of the defendant] was at the expense of [the plaintiff. . . .'" (quoting *State ex rel. Palmer*, 637 N.W.2d at 149)); *State ex rel. Palmer*, 637 N.W.2d at 155 (explaining that the benefit

32

in question need not "be conferred directly by the plaintiff," because "[t]he critical inquiry is that the benefit received be at the expense of the plaintiff"). It is IOWA CODE § 558.41 that provides first-lien protection for recorded mortgages and assignments—that is, an act of the Iowa legislature—not the ministerial act of recording the mortgages and assignments, that provides the "benefit" identified in the County's "unjust enrichment" claim in the Proposed Amended Complaint. *Accord Fuller v. MERS, Inc.*, 2012 WL 3733869, *14 (M.D. Fla. June 27, 2012) (holding that a nearly identical "unjust enrichment" claim failed as a matter of law, because where MERS had no legal duty to file mortgage assignments with the county recorder, the recorder had not, and could not, allege that he had provided a benefit to MERS; instead, the recorder had only complied with his statutory obligations by performing the merely ministerial task of recording assignments, over which the recorder had no discretion, and the lien priority obtained by recording was a benefit derived from Florida law, not from the recorder). The benefit of the protection of initial recording also was not "at the expense of" the County, *see State ex rel. Palmer*, 637 N.W.2d at 155, where there is no pleading that the County did not receive the required fee for recording of the initial mortgage with MERS as the nominal mortgagee. The County argues that the defendants' use of the MERS System was "at the expense of" the County, because the defendants did not record subsequent assignments of the mortgages and pay the fees for recording such subsequent assignments. However, the lack of recording of subsequent assignments was not "at the expense of" the County, unless recording of subsequent assignments, and payment of associated fees, was *required*, which it was not.

The "unjust enrichment" claim in the Proposed Amended Complaint is futile; consequently, it does not warrant leave to amend.

### iii. *Futility of the other repleaded claims*

The deficiencies in the "unjust enrichment" claim in the Proposed Amended Complaint necessarily make the other claims in the Proposed Amended Complaint futile as well. The County argues that its repleaded "civil conspiracy" claim no longer relies on an alleged violation of a requirement to record assignments, but on the defendants' intentional creation and concerted use of a shadow recording system to avoid recording and paying recording fees to county recorders, while benefitting from the protection provided by recording the initial security instrument. This is the same allegation that purportedly makes the defendants' use of the MERS System "unjust," but I have rejected that contention above. Similarly, the County's claims for injunctive and declaratory relief are futile, where there is no underlying misconduct of the defendants to remedy.

### c. *Summary*

I conclude that the County's post-dismissal request for leave to file its Proposed Amended Complaint fails to overcome the disfavor with which such motions are viewed and that the proposed amended claims are futile. I reiterate that what the County seeks, in its repleaded claims, on its own behalf and on behalf of the putative Class of Iowa Counties, under the guise of "unjust enrichment" and related claims, is a remedy only available from the legislature. Thus, the County's post-dismissal request for leave to file its Proposed Amended Complaint is denied.

## III. CONCLUSION

Upon the foregoing, the County's September 19, 2012, Motion To Alter Or Amend Judgment And For Leave To File An Amended Complaint (Post-Dismissal Motion) (docket no. 74) is **granted in part and denied in part**, as follows:

1.  The motion is **granted** to the extent that I have now considered the County's conditional request to amend, in its Resistance To Defendants' Motion To Dismiss, which I overlooked in my Ruling On Defendants' Motion To Dismiss; but

2.  The motion is **denied** as to the conditional and post-dismissal requests for leave to amend.

The request to alter, amend, or set aside the Judgment (docket no. 71) is, consequently, **denied**.

**IT IS SO ORDERED**.

**DATED** this 16th day of October, 2012.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA