# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| PLYMOUTH COUNTY, IOWA, by and through DARIN J. RAYMOND, Plymouth County Attorney,<br><br>          Plaintiff,<br><br>vs.<br><br>MERSCORP, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; BANK OF AMERICA, N.A.; BAC HOME LOANS SERVICING; CITIMORTGAGE, INC.; CORINTHIAN MORTGAGE CO.; EVERHOME MORTGAGE COMPANY; GMAC RESIDENTIAL FUNDING CORP.; HSBC BANK, U.S.A., N.A.; JPMORGAN CHASE BANK, N.A.; CHASE HOME FINANCE, L.L.C.; EMC MORTGAGE CORP.; SUNTRUST MORTGAGE, INC.; WELLS FARGO BANK, N.A.; WELLS FARGO HOME MORTGAGE, INC.; WMC MORTGAGE CORP.; and JOHN DOE DEFENDANTS 1-100,<br><br>          Defendants. | No. C 12-4022-MWB<br><br>MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S MOTION TO CERTIFY DISMISSAL AS FINAL AND APPEALABLE UNDER RULE 54(b) |

_____

      This case is before me on plaintiff Plymouth County's May 6, 2013, Motion To Certify Dismissal As Final And Appealable Under Rule 54(b) (docket no. 89). The County seeks an order pursuant to Rule 54(b) of the Federal Rules of Civil Procedure finding that there is no just reason for delay of any appeal and directing entry of final judgment—pursuant to my August 21, 2012, Memorandum Opinion And Order

Regarding Defendants' Motion To Dismiss (docket no. 70), and my October 16, 2012, Memorandum Opinion And Order Regarding Plaintiff's Motion To Alter Or Amend The Judgment And For Leave To File An Amended Complaint (docket no. 79)[1]—against all defendants other than GMAC Residential Funding Corp. (GMAC), against whom all claims are automatically stayed during the pendency of GMAC's bankruptcy. The County's prior appeal of the decisions in question was dismissed for lack of jurisdiction on March 22, 2013, because my orders did not resolve the County's claims against GMAC and I had not provided any Rule 54(b) certification. *See* docket no. 83. The Dismissed Defendants (that is, all of the defendants other than GMAC) filed an Opposition To Plaintiffs' "Motion To Certify Dismissal As Final And Appealable Under Rule 54(b)" (docket no. 90) on May 20, 2013, and the County filed a Reply (docket no. 91) on May 30, 2013, then an Amended Reply (docket no. 92) on May 31, 2013, in further support of its Motion To Certify.

In support of its Motion To Certify, the County argues that the claims against GMAC, stayed by its bankruptcy, are separable from (albeit identical to) the claims against the dismissed defendants; no future developments will moot the need to review the orders in question, but the outcome of an immediate appeal would bind the parties with respect to the remaining claims against GMAC, precluding a duplicate appeal; and equitable considerations favor granting the motion, because there is nothing to be gained by waiting for the resolution of the bankruptcy proceedings against GMAC, but waiting will only delay ultimate resolution of the novel issues presented and prolong the period of uncertainty. In response, the Dismissed Defendants argue that all of the claims, facts, and legal issues involving all of the defendants are identical, so that entry

---

[1] These decisions are published at *Plymouth Cnty., Iowa v. MERSCORP, Inc.*, 886 F. Supp. 2d 1114 (N.D. Iowa 2012), and *Plymouth Cnty., Iowa v. MERSCORP, Inc.*, 287 F.R.D. 449 (N.D. Iowa 2012), respectively.

2

of final judgment would necessarily result in duplicative appeals; proceeding with an appeal now would prejudice GMAC, as it would be precluded from participating in the appeal, but it would still be bound by the appellate court's determination of issues relating to it, just as the Dismissed Defendants would be; and the County has not shown that it would suffer immediate harm if a Rule 54(b) order is not entered. In its Reply, the County argues, in essence, that the bankruptcy stay and Rule 54(b) were never intended to allow a defendant in bankruptcy to "hold hostage" litigation against solvent co-defendants. The County also clarifies that the prejudice it will suffer by delay of final judgment is the delay in its ability to bring a novel legal issue to the appellate court.

Rule 54(b) of the Federal Rules of Civil Procedure provides as follows:

> **(b) Judgment on Multiple Claims or Involving Multiple Parties.** *When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay*. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

FED. R. CIV. P. 54(b) (emphasis added).

As the Eighth Circuit Court of Appeals recently explained,

> "[W]e generally consider only orders that dispose of all claims as final and appealable under [28 U.S.C.] § 1291." [*Huggins v. FedEx Ground Package Sys., Inc.*, 566 F.3d 771, 773 (8th Cir. 2009)]. "Rule 54(b) creates a well-established exception to this rule by allowing a district court

3

to enter a final judgment on some but not all of the claims in a lawsuit." *Clark v. Baka*, 593 F.3d 712, 714 (8th Cir. 2010) (per curiam) (citations and quotation marks omitted). However, the district court may enter final judgment under this rule "only if the court expressly determines that there is no just reason for delay." Fed.R.Civ.P. 54(b). We review the court's decision to grant Rule 54(b) certification for an abuse of discretion, noting that such interlocutory appeals are "generally disfavored" and that "it is only the special case that warrants an immediate appeal from a partial resolution of the lawsuit." *Clark*, 593 F.3d at 714–15 (citations and quotation marks omitted).

When deciding whether to grant Rule 54(b) certification, the district court must undertake a two-step analysis. The court "'must first determine that it is dealing with a final judgment .... in the sense that it is an ultimate disposition of an individual claim.'" *Outdoor Cent.[, Inc. v. GreatLodge.com, Inc.]*, 643 F.3d [1115,] 1118 [(8th Cir. 2011)] (quoting *Curtiss–Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980)). Second, "[i]n determining that there is no just reason for delay, the district court must consider both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals." *Id.* (citation and quotation marks omitted). "Certification should be granted only if there exists 'some danger of hardship or injustice through delay which would be alleviated by immediate appeal.'" *Hayden v. McDonald*, 719 F.2d 266, 268 (8th Cir. 1983) (per curiam) (citation omitted).

Generally, we give substantial deference to the district court's decision to certify orders under Rule 54(b) as the district court is "'most likely to be familiar with the case and with any justifiable reasons for delay.'" *Clark*, 593 F.3d at 715 (citation omitted). However, this deference "rests on the assumption that the district court undertook to weigh and examine the competing interests involved in a certification decision." *Hayden*, 719 F.2d at 268. . . . A detailed

4

statement of reasons why there is "no just reason for delay" need not accompany a Rule 54(b) entry of judgment, but "where the district court gives no specific reasons, our review of that court's decision is necessarily more speculative and less circumscribed than would be the case had the court explained its actions more fully." *Little Earth of United Tribes, Inc. v. United States De['t of Hous. & Urban Dev.*, 738 F.2d 310, 313 (8th Cir. 1984) (per curiam). "If, as here, a district court's decision does not reflect an evaluation of such factors as the interrelationship of the claims so as to prevent piecemeal appeals or show a familiar[ity] with the case and with any justifiable reasons for delay, we scrutinize its decision carefully." *Huggins*, 566 F.3d at 774 (internal citations and quotation marks omitted).

"In the absence of a reasoned analysis by the district court, 'we may assume that the district court … relied on the reasons set out in the motion for certification.'" *Clark*, 593 F.3d 712 (quoting *Huggins*, 566 F.3d at 774).

*Williams v. County of Dakota, Neb.*, 687 F.3d 1064, 1067-68 (8th Cir. 2012).

Three decades ago, the Eighth Circuit Court of Appeals quoted with approval "some of the relevant factors in reviewing Rule 54(b) certifications" as including the following:

(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. Depending upon the facts of the particular case, all or some of the above factors may bear

5

> upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b).

*Hayden*, 719 F.2d at 269 (quoting *Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, (3d Cir. 1975), *overruled on other grounds by Curtiss-Wright*, 446 U.S. at 6-7).

As to the first step in the required "reasoned analysis," *Williams*, 687 F.3d at 1067-68, the parties apparently do not dispute that I am "dealing with a final judgment . . . in the sense that it is an ultimate disposition of an individual claim. *Id*. at 1067 (internal quotation marks and citations omitted). In the two orders that the County now asks me to certify for appeal, I unequivocally dismissed, in its entirety, the County's Class Action Petition for failure to state claims upon which relief can be granted, *see* August 21, 2012, Memorandum Opinion And Order Regarding Defendants' Motion To Dismiss (docket no. 70), then, on a motion to reconsider the County's conditional request for leave to amend, which I had overlooked in my prior decision, I denied the County's conditional and post-dismissal requests for leave to amend, because the County's proposed reconfiguration of its claims was futile, *see* October 16, 2012, Memorandum Opinion And Order Regarding Plaintiff's Motion To Alter Or Amend The Judgment And For Leave To File An Amended Complaint (docket no. 79). My direction that judgment be entered after the first ruling and my denial of the County's request to alter, amend, or set aside that Judgment (docket no. 71) in the second ruling indicate that the orders were intended to be the ultimate disposition of all of the County's claims against all of the Dismissed Defendants.

The second step of the analysis, determination of whether there is "no just reason for delay," in light of "both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals," *see Williams*, 687 F.3d at 1067 (internal quotation marks and citations omitted), presents a

6

much closer question. I recognize the "general[ ] disfavor[ ]" in which Rule 54(b) interlocutory appeals are viewed and the need for a "special case" in which "immediate appeal from a partial resolution of the lawsuit" is warranted. *Id*. Nevertheless, I conclude that a careful weighing of the relevant factors tips sufficiently in favor of immediate appeal that I will grant the County's Motion To Certify.

Specifically, there is no doubt that the claims against the Dismissed Defendants and against GMAC are identical and that GMAC would have been entitled to dismissal of those claims (and refusal to allow the reconfigured claims) on exactly the same grounds. *See id*. at 1068 (requiring consideration of the interrelationship of adjudicated and unadjudicated claims); *Hayden*, 719 F.2d at 269 (identifying this as the first of several relevant factors). For this reason, the Dismissed Defendants contend that a duplicative appeal is inevitable, when GMAC emerges from the bankruptcy stay, and the claims against it can be dismissed. *See id*. (considering judicial administrative interests and, particularly, the interest in preventing piecemeal appeals); *Hayden*, 719 F.3d at 269 (identifying as a relevant factor whether there is a possibility that the reviewing court might be obliged to consider the same issue a second time). On the other hand, the County acknowledges that, if my rulings dismissing claims against the Dismissed Defendants are upheld on an immediate appeal, it will have no grounds to appeal a subsequent dismissal of its identical claims against GMAC, so that an immediate appeal actually eliminates the possibility of a duplicative appeal and would result in the prompt and efficient resolution of all claims against all defendants. I agree with the County that an immediate appeal is actually *consistent* with judicial administrative interests and, particularly, the interest in *preventing* piecemeal appeals.

To the extent that delay, economic, and solvency considerations are relevant here, *see Hayden*, 719 F.2d at 269, where the party seeking an immediate appeal has *lost* and, consequently, has no concern that a delay will increase the risk that it will be

7

unable to recover on a judgment against a defendant, because that defendant may become insolvent, these considerations suggest that it is unfair and unreasonable to allow the insolvency of one defendant to delay—or, as the County puts it, "hold hostage"—an appeal of denial of claims against solvent co-defendants. The Dismissed Defendants' assertion that GMAC will suffer hardship or injustice because of its inability to participate in an appeal that affects claims against it is unpersuasive, because I am not aware of any rule that would prevent GMAC from submitting an *amicus* brief on the appeal of denial of claims against its co-defendants. Thus, I do not see any justifiable reasons for delay. *See Williams*, 687 F.3d at 1068 (scrutinizing carefully a district court's decision that does not consider any justifiable reasons for delay).

Perhaps the closest question is whether there exists in this case "some danger of hardship or injustice" *to the County* "through delay which would be alleviated by immediate appeal." *Id.* at 1067-68. Because the County's claims were dismissed, the County cannot assert that it will suffer hardship or injustice if its ability to recover on a favorable judgment is delayed. The County asserts, however, that like the plaintiffs in *Rattray v. Woodbury County, Iowa*, ___ F. Supp. 2d ___, 2012 WL 6114994 (N.D. Iowa Dec. 10, 2012), there is some danger of hardship or injustice to it, if I have improvidently dismissed its claims, based on a novel legal issue.

In *Rattray*, the danger of hardship or injustice that I perceived to one plaintiff was the delay of an appeal, where I had granted summary judgment on all of her claims, and the danger of hardship or injustice that I perceived to the other plaintiffs was the delay of an appeal on dismissed claims and the burden and expense to those plaintiffs and the waste of judicial resources of piecemeal trials, one trial of the remaining claims, then a subsequent trial on reinstated claims, if my rejection of those claims was overturned on appeal. ___ F. Supp. 2d at ___, 2012 WL 6114994 at *26. Here, there is no possible hardship or injustice from piecemeal trials, where no claims

8

survived dismissal. Moreover, in *Rattray*, I granted summary judgment on certain claims based on my interpretation of a very recent Supreme Court case, which the Eighth Circuit Court of Appeals had not yet had the opportunity to interpret, and I acknowledged the possibility of contrary interpretations. *Id*. In contrast, my dismissal of the County's claims rested on well-established Iowa law and unambiguous statutory language, however novel the County's claims might have been. I also note that, in *Rattray*, I only indicated, *sua sponte*, my willingness to entertain a motion for Rule 54(b) certification, without the aid of adversarial arguments on the issue, I did not grant such certification, *see id*. at *28, and no motion for Rule 54(b) certification was ever filed. Nevertheless, as in the case of the plaintiff in *Rattray* who had no surviving claims, there is some danger of hardship or injustice to the County if its opportunity to appeal dismissal of its claims is delayed indefinitely by the bankruptcy stay as to only one defendant—a circumstance that I indicated above I did not think was a justifiable reason for delay.

Thus, I believe that the relevant factors in this case do indicate that there is no just reason to delay entry of judgment on, and an immediate appeal of, the dismissal of the County's claims against the Dismissed Defendants, notwithstanding that identical claims remain pending against GMAC, because of the automatic stay from GMAC's bankruptcy.

THEREFORE,

1. Plaintiff Plymouth County's May 6, 2013, Motion To Certify Dismissal As Final And Appealable Under Rule 54(b) (docket no. 89) is **granted**;

2. I **certify** that there is no just reason to delay the entry of judgment pursuant to my August 21, 2012, Memorandum Opinion And Order Regarding Defendants' Motion To Dismiss (docket no. 70) and my October 16, 2012,

9

Memorandum Opinion And Order Regarding Plaintiff's Motion To Alter Or Amend The Judgment And For Leave To File An Amended Complaint (docket no. 79); and

3. **I direct the Clerk of Court to enter judgment** in favor of the Dismissed Defendants (that is, all defendants other than GMAC Residential Funding Corp. (GMAC)) and against the County on all of the County's claims against the Dismissed Defendants.

**IT IS SO ORDERED**.

**DATED** this 4th day of June, 2013.

*[signature: Mark W. Bennett]*
_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA